| | | |
|---|---|---|
| ASTRIT BEKTESHI, #41709-424 | § | |
| | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:14cv105 |
| | § | CRIM. NO. 4:09cr193(2) |
| | § | |
| UNITED STATES OF AMERICA | § | |

## MEMORANDUM OPINION AND ORDER

Movant Astrit Bekteshi, a prisoner confined at CI NE Ohio Correction Center in Youngstown, Ohio, proceeding with the assistance of counsel, filed the above-styled and numbered motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.

## I. BACKGROUND

On June 28, 2005, the Chicago, Illinois, office of the Federal Bureau of Investigation (FBI) initiated an investigation targeting an Albanian Organized Crime (AOC) group headed by Astrit Bekteshi (Movant). The Bekteshi organization was identified as a highly organized drug distribution organization dealing with hydroponic marijuana, ecstasy, and cocaine. The marijuana and ecstasy were obtained, in part, from a Chinese Organized Crime group in Vancouver, Canada, then smuggled into the United States. Early in the investigation of the Bekteshi Organization, agents learned that the group was obtaining cocaine from suppliers in Texas, and possibly, California and Florida. Movant's organization also operated illegal video gaming devices supplied by an Italian organized crime group.

Movant insulated himself from the "hands-on" aspects of the operation by using trusted

1

Albanian associates. The FBI in Chicago used wire and microphone intercepts during its investigation. In spite of how careful Movant and his subordinates were in their communications, investigations revealed that Movant was involved in numerous drug transactions involving large dollar amounts, including one occurring in Frisco, Texas. Movant and eight co-defendants were charged by Indictment on October 15, 2009. Count One charged Movant with conspiracy to possess with intent to distribute cocaine, heroin, 3,4 methylenedioxymethamphetamine (ecstasy), or marijuana, in violation of 18 U.S.C. § 846.

On November 15, 2011, Movant pleaded guilty to Count One pursuant to a written plea agreement. Under Rule 11( c)(1)( C) of the Federal Rules of Criminal Procedure, Movant and the Government agreed that the appropriate sentence was 135 months' imprisonment.

Eight months after pleading guilty, Movant filed a motion to withdraw his guilty plea on August 2, 2012. The court held a hearing on the motion. An interpreter was provided for Movant. Movant claimed that he was pressured by other prisoners to enter a plea. He also said that his counsel told him that if he went to trial, he could face a life sentence. Movant claims that he pleaded guilty because he was scared and because he did not understand the rules and regulations. The court denied the motion on October 5, 2012.

The presentence report calculated Movant's sentencing guideline range to be 168 to 210 months' imprisonment. This was based on a total offense level of 35, and a criminal history category of I. At sentencing, an interpreter was provided. The presentence report was read to Movant in Albanian, and he confirmed he understood it. He then confirmed that the report accurately reflected his background. Movant's counsel again asked to withdraw Movant's plea because Movant said he was not guilty. Counsel and Movant confirmed Movant's understanding that he would not receive

credit for acceptance of responsibility if he persisted in this posture.

The court accepted the findings of the presentence report, except that it found the offense level to be 38, and the sentencing guideline range to be 235 to 293 months, based on Movant's claim that he was not guilty. The court accepted the plea agreement, and sentenced Movant to 135 months' imprisonment pursuant to the written plea agreement and the Fed. R. Crim. P. 11(c)(1)( C) agreement. After initially filing a notice of appeal, Movant then filed a motion to dismiss the appeal. The United States Court of Appeals for the Fifth Circuit granted the motion, and dismissed the appeal on August 9, 2013. Movant filed the instant motion on February 15, 2014.

In his § 2255 motion, Movant claims that he is entitled to relief because his counsel was ineffective. Specifically, Movant asserts that his trial counsel was ineffective by (1) failing to move for a downward departure; (2) failing to conduct a reasonable investigation; (3) failing to reasonably communicate with Movant; and (4) failing to object to the presentence report. The Government filed a Response, asserting the claims are without merit. Movant did not file a Reply.

## II. § 2255 PROCEEDINGS

As a preliminary matter, it should be noted that a § 2255 motion is "fundamentally different from a direct appeal." *United States v. Drobny*, 955 F.2d 990, 994 (5th Cir. 1992). A movant in a § 2255 proceeding may not bring a broad-based attack challenging the legality of the conviction. The range of claims that may be raised in a § 2255 proceeding is narrow. A "distinction must be drawn between constitutional or jurisdictional errors on the one hand, and mere errors of law on the other." *United States v. Pierce*, 959 F.2d 1297, 1300-01 (5th Cir. 1992). A collateral attack is limited to alleging errors of "constitutional or jurisdictional magnitude." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991).

## III.  WAIVER IN MOVANT'S GUILTY PLEA

The Fifth Circuit has upheld the informed and voluntary waiver of post-conviction relief in *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994).  In *United States v. Henderson*, 72 F.3d 463, 465 (5th Cir. 1995), the Fifth Circuit held that a waiver may not be enforced against a § 2255 movant who claims that ineffective assistance of counsel rendered that waiver unknowing or involuntary.  In *United States v. White*, 307 F.3d 336 (5th Cir. 2002), the Fifth Circuit held that an ineffective assistance of counsel claim raised in a § 2255 proceeding survives a waiver only when the claimed assistance directly affected the validity of that waiver or the plea itself.  More recently, the Fifth Circuit noted that it has upheld § 2255 waivers except for when there is an ineffective assistance of counsel claim that affects the validity of that waiver or the plea itself or when the sentence exceeds the statutory maximum.  *United States v. Hollins*, 97 F. App'x 477, 479 (5th Cir. 2004).

### Signed Plea Agreement

A review of the record shows that Movant signed a plea agreement containing the following waiver provision:

> Except as otherwise provided herein, the defendant expressly waives the right to appeal the conviction, sentence, fine and/or order of restitution or forfeiture in this case on all grounds.  The defendant further agrees not to contest the conviction, sentence, fine and/or order of restitution in any post-conviction proceeding, included, but not limited to a proceeding under 28 U.S.C. § 2255.  The defendant, however, reserves the right to appeal the following: (a) the failure of the Court, after accepting this agreement, to impose a sentence in accordance with the terms of this agreement; and (b) a claim of ineffective assistance of counsel that affects the validity of the waiver or the plea itself.

It also states:

> I have read or had read to me this plea agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

Additionally, the plea agreement states:

> The defendant has thoroughly reviewed all legal and factual aspects of this case with defense counsel and is fully satisfied with defense counsel's legal representation. The defendant has received satisfactory explanations from defense counsel concerning each paragraph of this plea agreement, each of the defendant's rights affected thereby, and the alternatives to entering a guilty plea. After conferring with counsel, the defendant concedes guilt and has concluded that it is in the defendant's best interest to enter this agreement rather than proceeding to trial.

Finally, Movant stated in his plea agreement that the "plea of guilty is freely and voluntarily made and is not the result of force, threats, or promises other than those set forth in this Agreement." Consequently, any allegation that the guilty plea was not knowingly or voluntarily made is contradicted by Movant's signed plea agreement.

## Plea Hearing

A review of the record shows that, at Movant's change of plea hearing, held on December 5, 2011, Movant said:

1. His plea was voluntary, and he was pleading guilty because he was, indeed, guilty;

2. He understood the charges against him and the elements of the charge;

3. He understood the sentencing range;

4. He understood that the sentence would be no less than ten years and no more than life imprisonment;

5. He understood how the Sentencing Guidelines might apply to his case;

6. He understood the rights he was waiving by pleading guilty;

7.      He understood the terms of his 11(c)(1)( C) agreement;

8.      He understood that he would probably be deported once he had served his sentence;

9.      He was not under the influence of drugs or alcohol that affected his mental capabilities;

10.     His guilty plea was voluntary, and not the produce of any force, threat, or promise;

11.     He discussed the facts and the defenses of his case with counsel and is satisfied that counsel fully considered his case;

12.     He affirmed that the written plea agreement contained the entire agreement concerning his plea of guilty;

13.     He read the entire agreement, discussed it with counsel, and translated it into his native language;

14.     He read the factual statement, translated it into his native language, and discussed it fully with counsel, and agreed to everything contained in it;

15.     He was fully competent to understand the charge against him and plead guilty;  and

16.     He was fully satisfied with the representation of his counsel.

*See* Transcript of Change of Plea Hearing, (dkt #269).

The court admonished Movant as to the charges against him.  The court further explained the rights Movant was giving up by pleading guilty to a felony. Movant stated that he understood the rights that he was waiving.   He also said that there had been no other promises made to him or threats against him leading him to plead guilty.  He said that he was pleading guilty voluntarily, of his own free will, because he is guilty of the crime charged.   Formal declarations in open court carry with them a strong presumption of truth.  *Blackledge v. Allison*, 431 U.S. 63, 74, 97 S. Ct. 1621,

1629, 52 L. Ed.2d 136 (1977). Although a defendant's attestation of voluntariness at the time of the plea is not an absolute bar to later contrary contentions, it places a heavy burden upon him. *United States v. Diaz*, 733 F.2d 371, 373-74 (5th Cir. 1984).

Movant fails to show that, but for trial counsel's advice, he would have taken his chances at trial. Conclusory allegations and bald assertions are insufficient to support the motion. *Ross v. Estelle,* 694 F.2d 1008, 1012 (5th Cir. 1983) ("absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition (in state and federal court), unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value"); *United States v. Woods*, 870 F.2d 285, 288 (5th Cir. 1989); *Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir. 1982). The Fifth Circuit has held that a defendant's testimony at the plea colloquy that no one attempted in any way to force him to plead guilty carries a strong presumption of verity. *United States v. Abreo*, 30 F.3d 29, 31 (5th Cir. 1994). In cases where the record establishes that the defendant understood the nature of the charge against him and the direct consequences of his act, the rudimentary demands of a fair proceeding and a knowing, voluntary plea are satisfied. *Wright v. United States*, 624 F.2d 557, 561 (5th Cir. 1980).

## Consent to Administration of Guilty Plea

Additionally, on December 5, 2011, Movant signed a Consent to Administration of Guilty Plea. In the consent, Movant stated that he understood his trial rights, and that by pleading guilty, he knew he was giving up those rights – except for the right to counsel. Movant understood that by pleading guilty, his immigration status may be affected and may lead to deportation. He affirmed that he understood that the court will consult the Sentencing Guidelines in assessing a sentence, but that the court is not bound by the guidelines. Movant affirmed that he was aware that the court is

not bound by any agreements between himself and the Government. He also understood that only the United States District Judge will determine his sentence.

Furthermore, Movant stated that he was making his plea of guilty freely, and was not forced to plead guilty. He affirmed that no promises had been made to him other than what was contained in the plea agreement. He stated that he was making the plea of guilty because he was guilty. Movant said he fully understood the charges, including the statutory minimum and maximum penalties, as well as terms related to supervised release, special assessments, forfeiture, and restitution. He said that he fully understood the plea agreement and has no reservations or questions concerning it.

Movant stated that he understood his appeal rights and that those rights could be limited by the terms of his plea agreement. He said that he realized that he may not appeal his plea of guilty or withdraw his plea of guilty if his sentence is greater than what he originally believed or what was told to him by counsel. He represented that he was not under the influence of any substances or medications and that he was fully competent to enter a plea before the court. He also said that if he had any questions, he knew he could freely consult with his attorney. Movant represented that he was fully satisfied with his attorney's representation. He affirmed that the Factual Statement that he signed was true and correct, and that he had reviewed it and found no material errors in what he represented to the court. He understood that his statements made in the consent were made under the penalty of perjury. Any allegation that the plea was not knowingly or voluntarily made is contradicted by Movant's signed consent.

## Findings of Facts

The magistrate court entered Findings of Facts on December 5, 2011. Based on the hearing in which Movant pleaded guilty, the court found that Movant knowingly and voluntarily consented to the administration of the Guilty Plea and Allocution. It also found that Movant and the Government entered into a plea agreement filed and disclosed in open court pursuant to Fed. R. Crim. P. 11(c)(2) and 11(c)(1)( C). It further found that Movant was fully competent and capable of entering an informed plea, that he was aware of the nature of the charges and the consequences of the plea, and that the plea of guilty was knowingly and voluntarily made, supported by an independent basis in fact containing each of the essential elements of the offense. Any allegation that the guilty plea was not knowingly or voluntarily made is further contradicted by the Findings of Facts.

## Factual Statement

Finally, Movant signed a Factual Statement on December 5, 2011. In it, he admitted that he and one or more persons made an agreement to distribute or possess controlled substances with the intent to distribute them. He knew the unlawful purpose of the agreement, but joined in it with the intent to further it. He specifically conceded to participating in the following acts, among others:

> Beginning in or about 2005, and continuing until in or about 2009, Bekteshi conspired with others to distribute or possess with intent to distribute at least 15 kilograms but less than 50 kilograms of a mixture or substance containing cocaine and at least 100 kilograms or more of a mixture or substance containing a detectable amount of marijuana in the Eastern District of Texas and elsewhere;

> The defendant Bekteshi admits he was an organizer or leader and the criminal activity involved five or more participants and was otherwise extensive;

> Bekteshi was a Chicago based narcotics trafficker;

On May 25, 2007, Bekteshi possessed with the intent to distribute 26 pounds of marijuana;

In or about June of 2008, Bekteshi conspired to purchase twenty-three (23) kilograms of cocaine;

On June 5, 2008, $285,000 United States currency belonging to Bekteshi was seized by law enforcement. This currency was intended for investment in cocaine;

On July 1, 2008, Bekteshi and others met to discuss purchases of cocaine from a Dallas, Texas source. Bekteshi supervised others at this meeting. At the meeting, it was discussed that the Chicago-based conspirators would routinely need 15-150 kilograms of cocaine. The first transaction was to be for nineteen (19) kilograms of cocaine;

On July 5, 2008, co-conspirators possessed $300,000 United States currency that was sent to the Dallas, Texas area by Bekteshi for investment in cocaine.

Any allegation that the plea was not knowingly or voluntarily made is contradicted by Movant's signed Factual Statement.

## Conclusion - Waiver in Movant's Guilty Plea

In sum, the court found that Movant, after consultation with counsel, knowingly and voluntarily pleaded guilty to the charges. It also found that Movant was fully competent and capable of entering an informed plea, that he was aware of the nature of the charges and the consequences of the plea, and that his guilty plea is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offenses. Any allegation that Movant's plea was not knowingly or voluntarily made is contradicted by his signed plea agreement, the plea hearing, the consent, the findings of fact, and the factual statement. Movant fails to show that he did not understand the nature of a constitutional protection that he was waiving or that he had "such an incomplete understanding of the charges against him that this plea cannot stand as an admission of guilt." *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995).

In light of the waiver contained in Movant's knowing and voluntary plea agreement, for the court to consider his claims raised in his motion filed pursuant to 28 U.S.C. § 2255, Movant must allege that the court failed to impose a sentence in accordance with the terms of the agreement or that ineffective assistance of counsel affects the validity of his waiver or plea itself. Movant does not allege that the court failed to impose a sentence in accordance with the agreement. However, because Movant's ineffective assistance of counsel claims could arguably affect the validity of the waiver and plea itself, the court will examine them.

## IV. INEFFECTIVE ASSISTANCE OF COUNSEL

Movant asserts that trial counsel was ineffectiveness in numerous instances.

**Legal Standard**

A movant who seeks to overturn his conviction on the grounds of ineffective assistance of counsel must prove his entitlement to relief by a preponderance of the evidence. *James*, 56 F.3d at 667. In order to succeed on a claim of ineffective assistance of counsel, a movant must show that "counsel's representation fell below an objective standard of reasonableness," with reasonableness judged under professional norms prevailing at the time counsel rendered assistance. *Strickland v. Washington*, 466 U.S. 668, 688, 104 S. Ct. 2052, 2065, 80 L. Ed.2d 864 (1984). The standard requires the reviewing court to give great deference to counsel's performance, strongly presuming counsel exercised reasonable professional judgment. *Id.*, 466 U.S. at 690, 104 S. Ct. at 2066. The right to counsel does not require errorless counsel; instead, a criminal defendant is entitled to reasonably effective assistance. *Boyd v. Estelle*, 661 F.2d 388, 389 (5th Cir. 1981); *Rubio v. Estelle,* 689 F.2d 533, 535 (5th Cir. 1982); *Murray v. Maggio*, 736 F.2d 279 (5th Cir. 1984).

Secondly, the movant "must show that there is a reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. Movant must "affirmatively prove," not just allege, prejudice. *Id.,* 466 U.S. at 693, 104 S. Ct. at 2067. If he fails to prove the prejudice component, the court need not address the question of counsel's performance. *Id.*, 466 U.S. at 697, 104 S. Ct. at 2069.

The duty of defense counsel to a defendant who desires to enter a plea of guilty is to ascertain that the plea is voluntarily and knowingly made. *Diaz*, 733 F.2d at 376. The two-prong test *Strickland* test applies to cases involving guilty pleas. *Hill v. Lockhart*, 474 U.S. 52, 57, 106 S. Ct. 366, 370, 88 L. Ed.2d 203 (1985). A movant must show that he did not understand the nature of a constitutional protection he was waiving or that he had "such an incomplete understanding of the charges against him that this plea cannot stand as an admission of guilt." *James*, 56 F.3d at 666. Thus, if a defendant understands the nature of the charges against him and the consequences of his plea, yet voluntarily chooses to plead guilty, the plea must be upheld on federal review. *Diaz v. Martin*, 718 F.2d 1372, 1376-77 (5th Cir. 1983).

If a Movant challenges his guilty plea, there must be independent indicia of the likely merit of his contentions, and mere contradictions of his statements at the guilty plea will not carry his burden. *Davis v. Butler*, 825 F.2d 892, 894 (5th Cir. 1987). The validity of a guilty plea is a question of law and will be upheld on habeas review if entered into knowingly, voluntarily, and intelligently. *Montoya v. Johnson*, 226 F.3d 399, 404 (5th Cir. 2000).

### **Failure to Move for Downward Departure**

Here, Movant claims that counsel was ineffective for failing to move for a downward departure. Specifically, he contends that trial counsel should have moved for a downward departure

at sentencing based on Movant's "precarious position of serving an extended, second sentence in an immigration facility subsequent to serving his period of incarceration." Movant asserts counsel should have asked for the downward departure based on Movant's status as a deportable alien, his cultural assimilation, and the hardship his deportation will cause his family.

### Failure to Move for Downward Departure - Deportable Alien

In support of Movant's claim concerning his status as a deportable alien, Movant relies on *Moreno v. United States*, 2007 WL 2712482 (N.D. Tex. Sept. 17, 2007). The *Moreno* court noted that a defendant's status as a deportable alien could be considered as a factor for a downward departure based on the possible extra time in custody that the defendant might serve at an immigration facility. *Id*. at 2. The court then held that Moreno failed to meet his burden of proof because he failed to show that the trial court "would have exercised its discretion to depart downward." *Id*. at 2-3 ("Movant's own speculations about the sentencing phase of the case are not sufficient to make a prima facie showing that counsel could have done something [that] would have substantially changed his sentence.").

In the instant case, Movant fails to present any evidence, from the record or otherwise, to show that the court would have considered departing downward based on Movant's status as a deportable alien. Conclusory claims are insufficient to entitle a habeas corpus petitioner to relief. *Ross*, 694 F.2d at 1011; *Woods*, 870 F.2d at 288; *Schlang*, 691 F.2d at 799. Movant fails to show deficient performance or that there is a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. Furthermore, Movant received the 135-month sentence for which he bargained pursuant to Fed. R. Crim. P. 11(c)(1)( C). This issue is without merit.

***Failure to Move for Downward Departure - Cultural Assimilation***

Movant also claims that counsel should have argued for a downward departure based on cultural assimilation.  He relies on *United States v. Rodriguez-Montelongo*, 263 F.3d 429, 432-33 (5th Cir. 2001).  Although the court there noted that cultural assimilation is a permissible basis for a downward departure, it held that the defendant's situation must be atypical or extraordinary.  *Id.* at 433; *see also Koon v. United States*, 518 U.S. 81, 96, 116 S. Ct. 2035, 2045, 135 L. Ed.2d 392 (1996) (circumstances must exist that take the defendant's case outside the "heartland" of cases contemplated by the guidelines and that such departures not mentioned in the guidelines will be "highly  infrequent").

Movant fails to present any evidence, from the record or otherwise, to show that his case is atypical or extraordinary.  The record shows that Movant worked as a mechanic and owned and worked at a coffee shop.  He said that he completed the Eighth Grade in Albania, and did not further his education in the United States.   The record does not show Movant's participation in the community or any religious or charity affiliations.  Movant's claim is conclusory, and as such, is insufficient to entitle a habeas corpus petitioner to relief.  *Ross*, 694 F.2d at 1011;  *Woods*, 870 F.2d at 288;  *Schlang*, 691 F.2d at 799.  He fails to show deficient performance or that there is a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different.  *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. Furthermore, Movant received the 135-month sentence for which he bargained pursuant to Fed. R. Crim. P. 11(c)(1)( C).  This issue is without merit.

***Failure to Move for Downward Departure - Hardship on Family***

Movant claims that counsel should have argued for a downward departure based on the

hardship his family would face if he was deported. In *United States v. Rodriguez-Montelongo*, 256 F. Supp.2d 917 (E.D. Wis., 2003), the court noted that this is a permissible basis for a downward departure. In that case, a downward departure was warranted because the defendant had moved to the United States when he was less than one year old, had never gone back to Mexico, and had no experience living in Mexico. *Id*. at 920. The court also considered that almost all of the defendant's family lived in the United States – his mother, his siblings, his wife, and his children. *Id*.

In this case, the record shows that Movant came to the United States as an adult. His English is limited. His wife is Albanian although she now lives in the United States. His mother and siblings still live in Albania, and he reports having good relationships with them. Movant fails to present any evidence, from the record or otherwise, to show that the court would have departed downward based on Movant's family status. Conclusory claims are insufficient to entitle a habeas corpus petitioner to relief. *Ross*, 694 F.2d at 1011; *Woods*, 870 F.2d at 288; *Schlang*, 691 F.2d at 799. Movant fails to show deficient performance or that there is a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. Furthermore, he received the 135-month sentence for which he bargained pursuant to Fed. R. Crim. P. 11(c)(1)( C). This issue is without merit.

**Failure to Investigate**

Movant next claims that trial counsel was ineffective in several instances for failing to conduct a reasonable investigation. Trial counsel must engage in a reasonable amount of pretrial investigation, and "at a minimum, . . . interview potential witnesses and . . . make an independent investigation of the facts and circumstances of the case." *Nealy v. Cabana*, 764 F.2d 1173, 1177 (5th Cir. 1985). A defendant who alleges a failure to investigate must allege with specificity what the

investigation would have revealed and how it would have altered the outcome of the trial. *Gray v. Lucas*, 677 F.2d 1086, 1093 (5th Cir. 1982).

### Failure to Investigate - Abandoned Defense Efforts

Movant claims that his assertions of innocence "were never thoroughly investigated and that his attorney instead abandoned any defense efforts leaving Bekteshi without any choice, but to enter a guilty plea." However, Movant fails to present any evidence, from the record or otherwise, to show that his counsel's alleged failure to investigate affected the outcome of his case. He provides no specifics as to what counsel would have found had he investigated further. Movant's claim is conclusory, and as such, is insufficient to entitle a habeas corpus petitioner to relief. *Ross*, 694 F.2d at 1011; *Woods*, 870 F.2d at 288; *Schlang*, 691 F.2d at 799. Movant fails to show deficient performance or that there is a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. Furthermore, Movant said at his plea hearing that he was fully satisfied with counsel and that counsel had fully considered his case and any defenses to the charges. He also said that he was guilty, and that pleading guilty is in his best interest. This issue is meritless.

### Failure to Investigate - Counsel Prevented Movant from Defending Himself

Movant next claims that counsel was ineffective when he did not allow Movant to defend himself to investigators. However, Movant fails to present any evidence, from the record or otherwise, to show that his counsel's alleged failure to allow Movant to refute accusations affected the outcome of his case. He provides no specifics as to how he would have supported a claim of innocence. More importantly, he presents no evidence to show that there is a reasonable probability that, but for counsel's alleged unprofessional performance, the result of the proceedings would have

been different. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. Movant's claim is conclusory, and as such, is insufficient to entitle a habeas corpus petitioner to relief. *Ross*, 694 F.2d at 1011; *Woods*, 870 F.2d at 288; *Schlang*, 691 F.2d at 799. Movant fails to show deficient performance or that there is a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. Furthermore, Movant admitted to the facts of the case in the factual resume, and admitted to the facts at his plea hearing. He also received the sentence for which he bargained - 135 months. This issue is without merit.

### *Failure to Investigate - Counsel Did not Attend Probation Interview*

Movant claims that counsel's failure to attend the interview with the probation officer and bring an interpreter resulted in the presentence report's assignment of a four-point enhancement for his leadership role in the conspiracy. A review of the record shows that Movant admitted to his leadership role in the factual resume. He also admitted this at the plea hearing where both counsel and an interpreter were present. When the presentence report was read to Movant in Albanian at sentencing, he confirmed that it was accurate.

Movant's claim is controverted by the record. Additionally, his claim is conclusory, and as such, is insufficient to entitle a habeas corpus petitioner to relief. *Ross*, 694 F.2d at 1011; *Woods*, 870 F.2d at 288; *Schlang*, 691 F.2d at 799. Movant fails to show deficient performance or that there is a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. Furthermore, Movant admitted to the facts of the case in the factual resume, and admitted to the facts at his plea hearing. He also received the 135-month sentence for which he bargained. This issue is meritless.

### *Failure to Investigate - Deportation Consequences*

Movant claims counsel was ineffective for failing to investigate the deportation consequences. A review of the record shows that the court informed Movant that he would probably be deported if he entered a plea of guilty. Movant said that he understood. He fails to present any evidence showing what counsel would have discovered had he investigated further. He also fails to show that the outcome of the case would have been different if counsel had investigated further. Movant fails to show deficient performance or that there is a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. Furthermore, Movant told Probation that he had received political asylum in the United States. Thus, he cannot show prejudice. *Id*. This issue is without merit.

### *Failure to Investigate - Failing to File Sentencing Memo with Mitigating Factors*

Movant asserts that counsel was ineffective for failing to file a sentencing memorandum outlining mitigating factors for the court's consideration. Again, Movant fails to present any evidence showing that a sentencing memorandum would have altered the outcome of his case. The sentence that he bargained for and received - 135 months - was considerably lower than the guideline sentencing range. Movant's claim is conclusory; thus, it is insufficient to entitle him to relief. *Ross*, 694 F.2d at 1011; *Woods*, 870 F.2d at 288; *Schlang*, 691 F.2d at 799. He fails to show deficient performance or that there is a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. Furthermore, Movant admitted to the facts of the case in the factual resume, and admitted to the facts at his plea hearing. The court sentenced him to 135 months' imprisonment as

reflected in the Rule 11 agreement.  This issue is without merit.

**Failure to Effectively Communicate**

Movant contends that his counsel was ineffective for failing to have an interpreter present at their "attorney-client" meetings.  He asserts that he could not properly assist counsel in the defense of his case because of the language barrier.  He claims that he did not understand that he would lose the credit for acceptance of responsibility when he moved to withdraw his guilty plea.

The record shows that Movant stated at his plea hearing that he was fully satisfied with his counsel and with counsel's legal representation.  He agreed that counsel had fully considered the facts of his case and any possible defenses to the charges.  Movant confirmed that the facts stated in the Factual Statement were true and correct.  The record also shows that Movant understood that he would lose the credit for acceptance of responsibility if he persisted in his motion to withdraw his guilty plea.  Moreover, the sentence he bargained for and received - 135 months - is less than what he would have received had the court sentenced him within the sentencing guideline range calculated by the presentence report (168 - 210 months), which included a three-point reduction for acceptance of responsibility.

Movant fails to show deficient performance or that there is a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different.  *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. Furthermore, he cannot show prejudice because Movant received the 135-month sentence for which he bargained, which is less than the sentencing guideline range.  This issue is without merit.

**Failure to Object**

Finally, Movant claims that counsel was ineffective for failing to object to the four-point upward adjustment for his leadership role in the charged offense. Trial counsel's failure to object does not constitute deficient representation unless a sound basis exists for objection. *See Emery v. Johnson*, 139 F.3d 191, 198 (5th Cir. 1997) (a futile or meritless objection cannot be grounds for a finding of deficient performance). Even with such a basis, however, an attorney may render effective assistance despite a failure to object when the failure is a matter of trial strategy. *See Burnett v. Collins*, 982 F.2d 922, 930 (5th Cir. 1993) (noting that a failure to object may be a matter of trial strategy as to which courts will not second-guess counsel). To succeed on such a claim, a petitioner must show that the trial court would have sustained the objection and that it would have actually changed the result of his trial. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. Failure to make frivolous objections does not cause counsel's performance to fall below an objective level of reasonableness. *See Green v. Johnson*, 160 F.3d 1029, 1037 (5th Cir. 1998). On habeas review, federal courts do not second-guess an attorney's decision through the distorting lens of hindsight, but rather, the courts presume that counsel's conduct falls within the wide range of reasonable professional assistance and, under the circumstances, that the challenged action might be considered sound trial strategy. *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065.

Movant asserts that counsel was ineffective for failing to object to the four-point adjustment for his leadership role. Specifically, Movant claims that, had counsel objected to the four-point adjustment for his leadership role in the offense, his sentencing guideline range would only have been 105-135 months' imprisonment. The court notes that the sentence for which Movant bargained and received is within that range - 135 months. Accordingly, Movant cannot show

prejudice even if he could show deficient performance. He also has not shown that the trial court would have sustained the objection and that it would have changed the result of his trial. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. Movant fails to show deficient performance or that there is a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different. *Id.* This issue is without merit.

## VI. CONCLUSION

The court has concluded that Movant's guilty plea was a knowing and voluntary plea. It has also concluded that Movant's ineffective assistance of counsel claims are without merit and do not affect the validity of the waiver or plea itself. Consequently, the issues raised in his § 2255 motion are waived. *Henderson*, 411 U.S. at 267, 93 S. Ct. at 1608 (a knowing and voluntary guilty plea waives all nonjurisdictional deprivations that occurred prior to the plea). Even if they were not waived, Movant fails to prove that there is a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. Accordingly, it is

**ORDERED** that the motion to vacate, set aside or correct sentence is **DENIED** and Movant's case is **DISMISSED** with prejudice. It is further

**ORDERED** that all motions not previously ruled on are hereby **DENIED**.

**SIGNED this 4th day of February, 2016.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE